IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Kathleen Masters,           :

    Plaintiff,          :
                               Case No. 2:08-cv-1041
    v.                  :

Michael J. Astrue,          :    JUDGE FROST
Commissioner of Social
Security,                   :

    Defendant.          :

ORDER

This matter is before the Court to consider de novo the Commissioner's objections to a Report and Recommendation of the Magistrate Judge recommending that judgment be entered in favor of the plaintiff. For the following reasons, those objections will be overruled and a judgment remanding this case to the Commissioner will be entered.

The Report and Recommendation concluded that a remand is needed in this case because the administrative decision simply failed to address, and therefore did not give any reasons for disbelieving, plaintiff's testimony about her most debilitating symptom - the need to lie down at least once every three hours to relieve pain. That was also the one statement relied on by her treating physician to support his conclusion that she was disabled. The Report and Recommendation noted that "[a]lthough the Court must give the Commissioner's credibility findings substantial deference, there must be a rationale for rejecting the claimant's testimony about disabling symptoms which the Court can review." Report and Recommendation, at 9.

In objecting to this conclusion, the Commissioner makes two arguments. First, he notes that the administrative decision gave

good reasons for discounting Dr. Dunnan's opinion.  Second, he argues that the failure to address directly the plaintiff's articulated need to lie down to relieve her leg pain is irrelevant because the Commissioner found her complaints about walking and concentrating to be less than credible, and these complaints were attributed to the same pain that supposedly caused plaintiff to need to lie down.  Thus, according to the Commissioner, the Court can simply infer that had the administrative decision acknowledged and focused on that symptom, plaintiff's testimony about it would have similarly been rejected.

This is exactly the kind of *post hoc* rationalization that a reviewing Court may not accept.  This Court simply cannot infer what the Commissioner's decision would have been had the correct credibility analysis been performed.  Pain that may not be severe enough to prevent someone from concentrating well enough to do a job may still be severe enough to prevent them from maintaining a posture, such as sitting, standing or walking, for a full work day.  Further, as the Report and Recommendation notes, some of the reasons given by the Commissioner for rejecting Dr. Dunnan's view of this symptom, such as the plaintiff's declining other medications (without any evidence that they would have helped her) or her statement that her pain was decently controlled - which may well have taken into account the posture she needed to assume in order to maintain that control - are simply insufficient.  The Court agrees that when a disability claimant identifies an important symptom in support of her claim, and the administrative decision appears to overlook that symptom when discussing whether the claimant's testimony is credible, a remand is required.

For these reasons, the Commissioner's objections to the Report and Recommendation of the Magistrate Judge are OVERRULED,

and the Report and Recommendation is ADOPTED. The plaintiff's statement of errors is SUSTAINED to the extent that this case is REMANDED to the Commissioner for further proceedings pursuant to 42 U.S.C. §405(g), sentence four. The Clerk is directed to enter a judgment to that effect.

    /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE