```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                          EASTERN DIVISION
```

**KATHLEEN MASTERS,**          :

      **Plaintiff,**          :

                                  Case No. 2:08-cv-1041

  **v.**          :

**MICHAEL J. ASTRUE,**          :          **JUDGE GREGORY L. FROST**
**Commissioner of Social**
**Security,**          :

      **Defendant.**          :

## OPINION AND ORDER

On January 27, 2010, the Court remanded this social security case to the Commissioner pursuant to 42 U.S.C. §405(g), sentence four. On March 25, 2010, plaintiff moved for an award of attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. §2412. The Commissioner has filed a memorandum in opposition to the motion. Plaintiff has not replied. For the following reasons, plaintiff's motion will be granted.

                I.   The Equal Access to Justice Act

The Equal Access to Justice Act, 28 U.S.C. §2412, provides, in pertinent part, that the Court shall award to a prevailing party other than the United States attorneys' fees and expenses "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

The party seeking an award of such fees and expenses is required to submit a fee application to the court within 30 days of the date that the judgment became final and non-appealable. The application must demonstrate that the party is a prevailing party and is eligible to receive a fee award. It must also

document the amount sought, including an itemized statement from the attorney or attorneys involved, and must allege that the position of the United States was not substantially justified. The court is then required to determine, on the basis of the record, whether the position of the United States was substantially justified. Attorneys' fees are limited to the rate of $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."

Once a petition has been filed alleging that the position of the United States was not substantially justified, the United States has the burden of demonstrating such justification. See Miller v. United States, 831 F. Supp. 1347, 1351 (M.D. Tenn. 1993) ("The burden lies with the government to demonstrate that its position was substantially justified ...."); Weber v. Weinberger, 651 F.Supp. 1379, 1388 (E.D. Mich. 1987) ("with respect to an application for attorney's fees the Government has the burden of showing that its position was substantially justified."); see also Howard v. Heckler, 581 F. Supp. 1231, 1233 (S.D. Ohio 1984). The question of whether the United States' position is substantially justified is determined based upon the standards set forth in Pierce v. Underwood, 487 U.S. 552 (1988). In Pierce, the Court concluded that the phrase "substantially justified" as used in the EAJA means justified "to a degree that could satisfy a reasonable person." Pierce, supra, at 565. As the Court noted, that test "is no different from the 'reasonable basis both in law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue." Id., citing, inter alia, Trident Marine Construction, Inc. v. District Engineer, 766 F.2d 974 (6th Cir. 1985). An agency decision that is not supported by

substantial evidence may still be one that has a reasonable basis in law and fact. Jankovich v. Bowen, 868 F.2d 867 (6th Cir. 1989). Consequently, this Court is required to apply the "reasonable basis in law and fact" test set forth in Trident Marine Construction to this application for attorneys' fees.

II. The Parties' Positions.

Plaintiff is an emergency room doctor who developed a serious hip condition. After surgery, she remained in constant pain with only limited relief from medication. In her application for fees, plaintiff asserts that the position of the Commissioner opposing the remand of this case for further administrative proceedings was not substantially justified. She notes that the basis upon which the Court ordered a remand was the administrative decision's failure to address her testimony, and the opinion of her treating physician, to the effect that she was required to lie down every three hours to relieve her pain. Because, in her view, this was the key issue on the question of disability, and because the administrative decision did not discuss it at all, she contends that it was unreasonable for the Commissioner to oppose a remand so that this issue could be properly addressed. She therefore seeks fees of $1,881.25 plus costs of $350.00.

In response, the Commissioner argues that the administrative decision's rejection of the opinion of plaintiff's treating physician, Dr. Dunnan, was at least defensible. The decision discounted his opinion because it lacked objective findings and because it was in conflict with the opinions of other medical sources such as the state agency reviewers. It also concluded that when plaintiff told her doctor that she did not want more or different pain medication, that was an indication that her condition was not so severe as to be disabling. The Commissioner also argues that a defensible case can be made for supporting the

3

ALJ's rejection of plaintiff's testimony as not fully credible, especially because plaintiff's primary complaint was that her inability to walk and concentrate, and not her need to lie down periodically, was causing her disability.

## III. Analysis

The Report and Recommendation, which the Court adopted over the Commissioner's objection, said the following about the adequacy of the administrative decision:

> Although the Court must give the Commissioner's credibility findings substantial deference, there must be a rationale for rejecting the claimant's testimony about disabling symptoms which the Court can review. Here, the Commissioner's decision does not directly address the symptom that is the basis not only for the plaintiff's subjective report of disability, but her treating physician's opinion that she cannot work. Without a clear explanation of why the Commissioner rejected this testimony, the Court cannot find that the decision is supported by substantial evidence. See Rogers v. Commissioner, 486 F.3d 234, 248 (6th Cir. 2007 (explaining the need for a clear rationale as to credibility determinations); Reynolds v. Commissioner, 2009 WL 801465 (E.D. Mich. March 23, 2009)(same); cf. Meece v. Barnhart, 192 Fed.Appx. 456 (6th Cir. August 8, 2006) (court engaged in a detailed review of each facet of the Commissioner's credibility findings, and also noted that the ability to do household activities on an infrequent basis is not inconsistent with the inability to do sustained work activity); Cohen v. Secretary of HHS, 964 F.2d 524 (6th Cir. 1992).

Report and Recommendation, Doc. #12, at 9-10. In overruling the Commissioner's objections, which primarily argued that the ALJ had impliedly (although not expressly) rejected the argument that plaintiff was disabled due to her need to lie down periodically to relieve her hip pain, the Court said:

> This Court simply cannot infer what the Commissioner's decision would have been had the correct credibility analysis been performed. Pain that may not be severe enough to prevent someone from concentrating well enough to do a job may still be severe enough to

4

>     prevent them from maintaining a posture, such as
>     sitting, standing or walking, for a full work day.
>     Further, as the Report and Recommendation notes, some
>     of the reasons given by the Commissioner for rejecting
>     Dr. Dunnan's view of this symptom, such as the
>     plaintiff's declining other medications (without any
>     evidence that they would have helped her) or her
>     statement that her pain was decently controlled - which
>     may well have taken into account the posture she needed
>     to assume in order to maintain that control - are
>     simply insufficient.  The Court agrees that when a
>     disability claimant identifies an important symptom in
>     support of her claim, and the administrative decision
>     appears to overlook that symptom when discussing
>     whether the claimant's testimony is credible, a remand
>     is required.

Order of January 27, 2010, Doc. #15, at 2.  Thus, it is clear that the Court found the administrative decision defective not because it decided a material factual issue in a way that lacked substantial support in the record, but because it did not decide that issue at all.

The problem with the litigation position taken by the Commissioner both in the response to plaintiff's statement of errors, and in the objection to the Report and Recommendation, is that it sidesteps this procedural issue in favor of arguing the merits of the administrative decision.  Certainly, there is much support in the decisional law for the proposition that when the merits of a claim for disability hinge on either the opinion of a treating physician or on the credibility of the claimant's testimony, in order for the Court to be able to conduct a meaningful review of the administrative decision, the ALJ must set forth an explicit rationale for rejecting either the physician's testimony or the claimant's credibility.  See, e.g., Rogers, supra.  That did not happen here.

It is simply not accurate to say (as the Commissioner argues) that the ALJ could reasonably have concluded that the

5

need to lie down to relieve pain was not a major component of plaintiff's claim.  She specifically testified about it, and Dr. Dunnan specifically relied on it.  Whether or not good reasons existed to find plaintiff's testimony about walking or concentrating less than fully credible, or to find other portions of Dr. Dunnan's opinion not fully supported, is beside the point.  The point is the absence of any statement of reasons for rejecting the evidence about plaintiff's need to lie down, and, indeed, the absence of any indication in the administrative decision that the ALJ was even aware of this issue.  Under these circumstances, remand is essentially a foregone conclusion, and the Commissioner's opposition to such a remand was not substantially justified.

## IV.  Disposition and Order

For the foregoing reasons, plaintiff's motion for an award of attorneys' fees and costs under the Equal Access to Justice Act (#17) is GRANTED.  Plaintiff is awarded the total sum of $2.231.25, to be paid jointly to her and her attorney, and to be paid within twenty-eight days.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　/s/ Gregory L. Frost
　　　　　　　　　　　　　　　　　　GREGORY L. FROST
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE